# J. Mackey Stocker to use of Henry Irwin *v.* Joseph Dech, Appellant.

*Bond—Forthcoming bond—Sheriff—Execution.*

A sheriff having levied upon the goods of the defendant, permitted him to keep them upon giving a bond, conditioned " that if the defendant shall deliver to the said J. Mackey Stocker, Esq., sheriff as aforesaid, paints of like quantity and quality as aforesaid levied upon and now on the cars as aforesaid, when legally required by him to meet the exigency of said execution or any other execution issued on the said judgment, that then this obligation is void." *Held*, that when an alias fi. fa. was placed in the hands of the sheriff who succeeded Stocker in office and he made demand upon the principal and surety in the bond for the return of the goods, their failure to produce them worked a breach of the condition in the bond, and the surety was liable.

Argued March 11, 1895.    Appeal, No. 398, Jan. T., 1895, by defendant, from judgment of C. P. Northampton Co., June T., 1890, No. 26, on verdict for plaintiff.    Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Assumpsit against a surety upon a forthcoming bond to sheriff.

On May 3, 1886, Henry Erwin obtained judgment in the court of common pleas of Northampton Co. against Richard Foster for $459.75.    On May 26, 1886, a fi. fa. on said judgment was placed in the hands of J. Mackey Stocker, sheriff of said county, under which he levied on certain personal property of the defendant.    June 2, 1886, the court granted a rule on the plaintiff, upon the petition of the defendant, to show cause why the judgment should not be opened and execution set aside.    June 5, 1886, said Richard Foster and Joseph Dech (the defendant in the present suit) as his surety, gave the sheriff a forthcoming bond, the material points of which are as follows:

" Whereas the said J. Mackey Stocker, Esq., sheriff as aforesaid, by virtue of the above stated execution, has levied upon certain personal property, inter alia, consisting of a lot of paints in one hundred and forty-seven barrels or thereabouts, now in two box railroad cars standing on the track of the Lehigh

& Lackawanna Railroad Company at Shimer's station, on said railroad. And whereas upon the petition of the defendant above named, presented to the Hon. W. W. Schuyler, president judge of said county, the said judge granted a rule on the plaintiff, above named, to show cause why the judgment on which said execution was issued should not be opened and the said defendant let into his defense, returnable on Monday, June 21, 1886, and made the further order that the said execution be stayed in the meantime. And whereas the said Richard Foster, etc., the defendant, is desirous of shipping and forwarding said paints in said cars to their place of destination.

" Now the condition of this obligation is such that if the said Richard Foster, etc., the defendant above named, 'shall deliver to the said J. Mackey Stocker, Esq., sheriff as aforesaid, paints of like quantity and quality so as aforesaid levied upon and now on the cars aforesaid, when legally required by him to meet the exigency of said execution or any other execution issued on the said judgment, that then this obligation is void, otherwise to be and remain in full force and virtue.' "

October 11, 1886, the rule to open judgment was made absolute and execution set aside. January 22, 1889, the case was tried and the jury rendered a verdict in favor of plaintiff for $533.25. December 4, 1889, an alias fi. fa. was issued and placed in the hands of John I. Miller, then sheriff of said county, the term of J. Mackey Stocker having expired. This writ was returned " nulla bona." May 12, 1890, J. Mackey Stocker, to the use of Henry Erwin (appellee), brought this action against Joseph Dech (appellant), the surety on said bond.

The court charged in part as follows :

" [The defendant contends that this was not an official bond, that it is a bond given to the sheriff to protect him from any personal liability, or liability upon his personal bond, by reason of his releasing those goods from the effect of that levy, and the condition was that they should return to the said J. Mackey Stocker these goods whenever ' legally ' required by him, and that, as the goods were never demanded by him, but the succeeding execution having passed into the hands of John I. Miller, sheriff, there never was a demand made upon him for a substitution of the goods of ' like quantity and quality,' and, therefore, there was no breach of this condition.

"I say to you, gentlemen, that this is not the law. This bond was given to J. Mackey Stocker, it is true, to protect himself from his action as sheriff in releasing these goods. They were released at the instance of the defendant in the execution, for the reason stated in the bond—'in order that he might ship those goods to their destination.' By releasing them, it is also true as a legal proposition, contended for by the defendant, that the sheriff himself incurred a liability to Henry Erwin, and that Henry Erwin might have proceeded against him upon his official bond for any damage he might have suffered by reason of the releasing of those goods from the effect of the levy. That is true; but still, when this condition in the bond was placed in it, that they 'would deliver to the said J. Mackey Stocker, sheriff 'as aforesaid, paints of like quantity and quality,' etc., they meant that they would deliver to J. Mackey Stocker, if he should demand it as sheriff, or should they be demanded by anybody else, as sheriff, for the purposes of any execution issued on this judgment. That is to say, by the condition of this bond, Richard Foster was not to deliver only to J. Mackey Stocker, when demanded by him during his term of office as sheriff, or whenever he should individually make the demand; but whenever the demand should be legally made for those goods, either by J. Mackey Stocker, or anybody else acting under the law on an execution upon this judgment, and that is the only proper interpretation of this bond.] [6]

"[The defendant further contends that the words 'legally required' mean that when required by the regular steps and progress of the law, and that, because after this levy was released and the judgment closed by the verdict of the jury, a writ of venditioni exponas de bonis should have been issued instead of an alias fi. fa., and that, therefore, there was no breach of the condition. I say to you, gentlemen of the jury, that that is not the law. 'Legally required' does not mean by regular process of law—that is to say, by regular succeeding steps of law, but when a legal demand was made upon the principal and surety in this bond for the return of the goods by any regular legal process, that the condition required was complied with, and it was their duty to see that the goods were forthcoming to answer such writ.] [7]

"The defendant further contends that there was no execu

tion issued on that judgment; that the execution having been set aside, after the levy filed, and that no judgment recovered after the order of the court opening the judgment for any amount larger than the original judgment which was opened by the court, was not that judgment, but was a new judgment, and, therefore, an execution issued upon that verdict should be preceded by a judgment upon the verdict, and an execution upon the judgment, and that not having been done, the breach of this condition of the bond did not occur so as to entitle the plaintiffs to a right of action.  I say to you, gentlemen, that that is not the law.  [When the judgment was opened, the judgment still continued as a subsisting lien.  It might affect the rights of the parties, which would call for the interposition of the court to adjust the equities, if the verdict of the jury was for a larger amount than the original judgment, but when the verdict of the jury was rendered, adjudging the amount of damages to be paid to the plaintiff, it was a finding upon the first judgment upon which the execution issued, and when the second execution issued upon that judgment, it was another execution issued upon that judgment within the terms of that bond.] [8]

" The first judgment, which was opened upon the application of the defendant in the judgment, was for $459.75.  The verdict of the jury was for $533.25.  The execution was issued in June Term, 1886.  The verdict of the jury was rendered January 28, 1889, being nearly three years and six months between the entry of the original judgment and the closing of that judgment after it had been opened by the court and the defendant let into his defense, and the verdict of the jury.  The difference represents the interest for three years and six months, or about that—I am not exact in my figures—added to the $459.75, the amount of the original judgment. . . .

" [You will, therefore, under the direction of the court, render a verdict in favor of the plaintiff for the full amount of his claim, $533.25, with interest from January 23, 1889, to November 25, 1893, which is four years and ten months, making the interest $154.68, and the total amount $687.93.] " [9]

Defendant's point was as follows :

" Under all the evidence, the verdict must be for defendant. *Answer:* That point I deny." [1]

Verdict and judgment for plaintiff for $687.93.   Defendant appealed.

*Errors assigned*, among others, were (1) refusing defendant's point, quoting it ; (2) admitting bond in evidence ; (3) admitting al. fi. fa. in evidence ; (6–9) above instructions, quoting them.

*O. H. Meyers*, for appellant, cited as to the pleadings and admission of the bond in evidence : 1 Chitty on Pl. 335 ; Pomeroy v. Bruce, 13 S. & R. 188 ; Smith v. Eakin, 2 Sneed (Tenn.), 456 ; Fultz v. House, 6 Smedes & Marshall (Miss.), 404.

Cited on construction of the bond and condition thereof: Hurlstone on Bonds, 31 ; 2 Parsons on Con. 22, note ; Com. v. West, 1 R. 31 ; Miller v. Stewart, 9 Wheaton, 702 ; American Tel. Co. v. Lennig, 139 Pa. 602 ; Holmes v. Hall, 8 Mich. 66 ; Morgan v. Morgan, 4 Gill & J. (Md.) 395 ; Evans v. Shoemaker, 2 Blackford (Ind.) 237 ; Griffin v. Ingraham, 1 Richardson (S. C.), 249.

Cited on the question of admitting the alias fi. fa. in evidence : Sewell on Sheriffs, 253 ; Zane v. Cowperthwaite, 1 Dal. 337 ; Spang v. Com., 12 Pa. 360 ; Clerk v. Withers, 1 Salk. 323 ; Tidd's Pr. 1021 ; 1 Arch. Pr. 271 ; 2 Saunders, 471 ; Gilmore v. McNeil, 42 Me. 599 ; Shepherd v. Hall, 77 Me. 569 ; Phelps v. Gilchrist, 28 N. H. 266 ; Cross v. Brown, 41 N. H. 283 ; Moore v. Fargo, 112 Mass. 254 ; Lawrence v. Rice, 12 Metc. 533 : Claasen v. Shaw, 5 Watts, 468 ; Jarvis v. Rogers, 3 Vt. 339.

*J. B. Kemerer* and *W. S. & M. Kirkpatrick*, for appellee, cited : Malone v. City, 12 Phila. 270 ; Quick v. Miller, 103 Pa. 67 ; Township v. Comrey, 100 Pa. 367 ; Iron Works v. Barber, 118 Pa. 6 ; Lantz v. Worthington, 4 Pa. 156 ; Sedgwick's App., 7 Watts & Serg. 260 ; 8 Am. & Eng. Ency. of Law, 588 ; Claasen v. Shaw, 5 Watts, 468 ; Stroop v. Gross, 1 W. & S. 139 ; Greenfield v. Yeates, 2 Rawle, 158 ; Kean v. Franklin, 5 S. & R. 147 ; Tyler v. Hand, 7 H. & W. 572 ; Gallup v. Reynolds, 8 W. 426.

PER CURIAM, April 1, 1895:
We find nothing in either of the specifications of error that

requires special consideration. The rulings of the learned trial judge, including his construction of the bond in suit, are substantially correct. There is nothing in either of them that would justify a reversal of the judgment.

.  Judgment affirmed.